LEVINSON, Judge.
Petitioner (Watauga County Department of Social Services) appeals from an order on (1) disposition following adjudication for neglect and abuse, and (2) permanency planning. We affirm.
The relevant facts are summarized as follows: The minor child, C.S.,[1] was born on 24 July 2002 to respondent-mother and respondent-father. On 1 November 2002 petitioner-appellant Watauga Department of Social Services (DSS) filed a petition alleging that C.S. was abused, neglected, and dependent. A nonsecure custody order was issued the same day, placing C.S. in the custody of DSS. Thereafter, the child's paternal grandparents sought to intervene in the case and to be granted physical custody of C.S. On 12 May2003 the trial court granted their request for permissive intervention, and on 15 May 2003 the court ordered C.S.'s physical custody transferred to the intervener-grandparents, contingent upon their compliance with certain conditions designed to ensure that respondents would continue to have no contact with C.S. unless supervised by DSS or their designee.
On 15 August 2003 the court adjudicated C.S. to be abused and neglected, in an order which found that C.S. had suffered multiple injuries and broken bones while in respondents' care. On 16 October 2003 petitioner filed a motion to be relieved of reunification efforts and for change of physical custody. The interveners responded by moving for dismissal of petitioner's motion, for clarification of child support, and for legal custody of C.S. On 19 February 2004 the trial court issued a combined disposition and permanency planning order, which ordered in pertinent part that:
1. . . . Petitioner's Motion to be Relieved of Reunification Efforts is continued until the March 22, 2004 session of Watauga County Juvenile Court in order to allow the parents, custodians, and others to take appropriate action in accordance with this Court's Orders.
2. Petitioner's Motion to Change Custody is denied at this time . . . .
3. . . . Interveners' Motion to Dismiss is continued. . . .
4. Interveners' Motion . . . [for] legal custody of the minor child is denied at this time.
5. . . . [C.S.] shall be placed in the physical custody of the Interveners. . . .
. . . .
13. The Interveners['] Motion to Clarify Child Support is referred to the Child Support Enforcement Agency.
The order also set forth requirements and conditions pertaining to C.S.'s supervision and to his contact with respondents. From this order, petitioner appeals.
Preliminarily, we make several observations.
First, petitioner's appeal is premised in large measure upon its repeated contention that the trial court erred by "denying the Petitioner's Motion to be Relieved of Reunification Efforts." This assertion is disingenuous at best; the order clearly states that the petitioner's motion was not denied, but was simply continued to a court date four (4) months after the hearing (and four weeks after the entry of the order).
Second, petitioner asserts that reasonable efforts towards reunification "are not required if the Court `has determined that the parent has subjected the child to aggravated circumstances[.]'" Petitioner misstates the law in this regard by suggesting that a finding of aggravating circumstances strips the trial court of the discretion to decide whether continued efforts to reunify the family are appropriate. On the contrary, N.C.G.S. § 7B-507(b) (2003) states that in "any order placing a juvenile in the custody or placement responsibility of a county department of social services, . . . the court may direct that reasonable efforts to eliminate the need for placement of the juvenile shall not berequired or shall cease" if the court makes certain findings of fact. "The word `may,' when used in a statute, is generally construed as permissive rather than mandatory." Wise v. Harrington Grove Cmty. Ass'n, 357 N.C. 396, 403, 584 S.E.2d 731, 737 (2003) (citation omitted). Accordingly, even after making a finding of aggravated circumstances, the trial court retains discretion to require continued efforts by DSS to reunify a family.
Third, while there are some parallels between petitioner's assignments of error and the arguments contained in its brief, many of the arguments confuse principles of law and misapply citations of authority. We recognize that our Juvenile Code can be difficult to navigate and that the common law in this field is increasingly complex and dynamic. We have attempted, in rendering this decision, to address what we discern as the gravamen of petitioner's arguments on appeal.
Petitioner argues first that the trial court erred "in finding that the petitioner's plan in this matter was reunification with the respondent parents." Specifically, petitioner challenges the court's findings of fact numbers six through ten, on the grounds that in each of these the court erroneously found that petitioner's plan was to reunify C.S. and his parents. We disagree.
"If the trial court's findings of fact are supported by competent evidence, they are conclusive on appeal." In re Weiler, 158 N.C. App. 473, 477, 581 S.E.2d 134, 137 (2003) (citation omitted). Further, "appellate courts are bound by the trialcourt's findings of fact where there is some evidence to support those findings, even though the evidence might sustain findings to the contrary." In re Montgomery, 311 N.C. 101, 110-11, 316 S.E.2d 246, 252-53 (1984) (citation omitted).
Turning to the challenged findings of fact, we first note that finding of fact number six does not include a finding that petitioner's plan was reunification. Therefore, petitioner's argument that the court erred by making such a finding must fail.
Findings seven and eight contain historical facts that on certain dates petitioner executed Family Service Case Plans stating that the plan for this case was reunification of the minor child with his parents. These plans are included in the record; each one is captioned "Family Services Case Plan (Part A) Services to Implement the Plan Of ______," and on each plan petitioner has filled in the space after "plan of" with the word "Reunification." Petitioner, however, argues that the family service case plans were plans for "further court action." Such argument borders on the frivolous; each plan states clearly that its goal is "reunification"; each plan lists "further court action" not as the plan's goal, but only as another possible outcome "if the condition/need is not eliminated." Therefore, petitioner's arguments regarding findings of fact seven and eight are without basis. Moreover, these Family Service Case Plans also support findings of fact numbers nine and ten that petitioner's "initial plan" and "continuing plan" was reunification, and that petitioner had been "committed to reunifying" the family. We conclude that the trial court's findings of fact numbers six through ten were supported by competent evidence and should be sustained. This assignment of error is overruled.
Petitioner argues next that the court erred in making findings of fact numbers eleven and twelve. We disagree.
The challenged findings of fact state that:
11. No evidence was presented by the Petitioner which showed that there has been any change of circumstances since the entry of the previous Orders of this Court that would require or allow the removal of the minor child from the home of Interveners or that would require or allow the cessation of efforts to reunify the minor child with his parents.
12. No evidence was presented by the Petitioner which showed that there has been any change of circumstances since Petitioner and the minor child's parents executed the four Family Service Case Plans, which would require or allow the removal of the minor child from the home of Interveners or that would require or allow the cessation of efforts to reunify the minor child with his parents.
Petitioner asserts that by employing the phrase "change of circumstances" in these findings of fact, the trial court applied an erroneous standard for cessation of reunification. However, when the findings of fact are read in their entirety, it is clear that the court was simply indicating that it was unpersuaded that there was evidence of new circumstances, arising after the court's earlier orders, or after the petitioner executed the case plans, that would render the court's earlier orders inappropriate. This assignment of error is overruled.
Petitioner argues that the trial court erred by finding, pursuant to N.C.G.S. § 7B-907(b)(1) (2003), that "it is possible for the juvenile to be returned home immediately or within the next six months[.]" Petitioner argues generally that this finding is contrary to the evidence presented because none of "the conditions which led to the adjudication of abuse could be corrected within the next six months." Our review of the record suggests that, on the contrary, it is not impossible that the child might be reunited with his parents. This assignment of error is overruled.
Petitioner next argues the trial court abused its discretion by concluding that, pursuant to N.C.G.S. § 7B-903(a)(2)(2003), the child's "paternal grandparents' home was a suitable and safe home for the minor child" and that it was "in the best interests of the minor child that physical placement of the minor child be with the Intervener grandparents subject to the conditions specified in this Order." Petitioner's central argument in this regard is that, because the grandparents continue to provide the parents a place to live, employ the father, and refuse to acknowledge the child's injuries were the result of abuse, that they "will not provide for the safety of the juvenile, and placement with them is inconsistent with his need for a safe, permanent home, and is contrary to his best interests."
While petitioner questions the grandparents' integrity, willingness to comply with conditions in the order, and ability to ensure the child's safety, it points to no evidence that the child has been injured while in his grandparents' care, or that thegrandparents have violated any of the conditions imposed by the trial court. Although petitioner vehemently disagrees with the trial court's exercise of its discretion in placing the child in the care of the grandparents, it has failed to show the court abused its discretion in doing so. "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." State v. Hennis, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988). This assignment of error is overruled.
Petitioner next argues that the trial court erred by concluding that, "as of the date of [the] hearing, it is in the best interest of the minor child that the permanent plan for the minor child continue to be reunification with his parents and as of the date of this hearing there is no need to implement an alternative or concurrent plan." See N.C.G.S. § 7B-907 (2003). We are wholly unpersuaded. This assignment of error is overruled.
Petitioner's remaining argument does not merit discussion. Moreover, our review of the record suggests the trial court acted in a prudent manner, taking into account the unique facts and circumstances of the present case. While we recognize petitioner's right to take this appeal, we are nonetheless concerned that this has unnecessarily delayed the court's ability to achieve a permanent plan for the child. This is especially true here, where it is readily apparent that the trial court has acted within the exercise of reason and discretion. The court's order is
Affirmed.
Judges McCULLOUGH and ELMORE concur.
Report per Rule 30(e).

To preserve the privacy of the minor, we refer to him by the initials C.S.